82 Cal.App.3d 123 (1978)
147 Cal. Rptr. 54
In re D.C.L., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent,
v.
D.C.L., Defendant and Appellant.
Docket No. 43067.
Court of Appeals of California, First District, Division Four.
June 26, 1978.
*124 COUNSEL
Thomas V. Roland for Defendant and Appellant.
Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Timothy A. Reardon and Herbert F. Wilkinson, Deputy Attorneys General, for Plaintiff and Respondent.
*125 OPINION
CHRISTIAN, J.
D.C.L. appeals from an order by which he was made subject to the supervision of the probation department after the juvenile court found him to be a person coming within Welfare and Institutions Code section 602, in that he trespassed upon residential property in violation of Penal Code section 602.5.[1]
A neighbor of Steven George called the police to report that he had seen two juveniles, strangers to the neighborhood, go up a private driveway in the direction of George's property. When the police arrived, they saw appellant, accompanied by an associate, come out of a shed associated with the George property; appellant was carrying a kite model. When appellant saw the officers, he quickly went back into the shed and put back the kite. A distinctive knife which the owner had stored in a box had been removed from the box and left on a countertop. In the hearing of a police officer, appellant remarked to his companion, "This is no big deal; ... the judge will probably just drop this down to another trespassing."
Wardship was sought upon an allegation that appellant had committed burglary. The court, however, declared, "I'm not going to make a finding of burglary" and instead found a trespass, in violation of Penal Code section 602, subdivision (l). At a later session the court indicated that it felt the finding would not withstand attack on appeal. (1), (2) The court then made a finding under Penal Code section 602.5, despite the fact that defense counsel pointed out that the shed which appellant had entered was not a "dwelling house, apartment, or other such place" within the meaning of the statute.
On appeal, it is again contended that the evidence is insufficient to support the finding, in that the shed, which was used for hobby activities, was not protected by Penal Code section 602.5. This contention is sound. The statute does not refer generally to noncommercial structures but to "any noncommercial dwelling house, apartment, or other such place...." The two classes specified, "dwelling house" and "apartment," indicate legislative intention to protect against unauthorized entry, even *126 in the absence of specific intent requisite to a burglary conviction, structures of the most private character, i.e., places of habitation. To construe the more general provision in section 602.5, "or other such place" (italics added) as extending the force of the statute to nonresidential structures would be inconsistent with the legislative intent expressed in Penal Code section 602, subdivision (l),[2] in that a penalty could be imposed for an unauthorized entry of any noncommercial structure even though no substantial occupation occurred.
The order is reversed.
Caldecott, P.J., and Cook (L.E.), J.,[*] concurred.
NOTES
[1] Penal Code section 602.5: "Every person other than a public officer or employee acting within the course and scope of his employment in performance of a duty imposed by law, who enters or remains in any noncommercial dwelling house, apartment, or other such place without consent of the owner, his agent, or the person in lawful possession thereof, is guilty of a misdemeanor."
[2] Penal Code section 602 defines as a misdemeanor: "(l) Entering and occupying real property or structures of any kind without the consent of the owner, his agent, or the person in lawful possession thereof."
[*] Assigned by the Chairperson of the Judicial Council.