Filed 8/9/16  P. v. Martinez CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MARY E. MARTINEZ,<br><br>        Defendant and Appellant. | A143331<br><br>(Napa County<br>Super. Ct. No. CR168039) |

Defendant Mary Martinez appeals a judgment revoking her probation based on a finding that she entered or remained in a noncommercial dwelling house, apartment, or other residential place without consent in violation of Penal Code section 602.5,[1] subdivision (a).  Defendant's appellate counsel alleges that there is insufficient evidence that the property in question is a "noncommercial dwelling" within the meaning of section 602.5, subdivision (a) and urges the court to reverse the finding that Martinez violated her probation based on a violation of this section.  Having considered Martinez's request, we affirm the judgment.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On October 23, 2013, Martinez entered a guilty plea for one count of receiving stolen property in violation of section 496, subdivision (a), and in December 2013 was placed on three years of formal probation.  Also in 2013, Blue Mountain, a real estate investment company, purchased 555 Riverside Drive in Napa and began work

---

[1] Subsequent statutory references are to the Penal Code unless otherwise specified.

1

remodeling the residence for resale. The residence had been coded as uninhabitable, and the company did not allow anyone to enter or remain on the property during the remodeling. 555 Riverside Drive was a single-family "residential" home in a residential neighborhood.

In January 2014, Ryan Hale, a general contractor, arrived at 555 Riverdale Drive to begin planned work on the property and discovered Martinez and one other person sleeping inside in the front bedroom. Hale called the Napa Police Department, and two officers arrived immediately and cited Martinez for trespassing. She was charged with violating section 602.5, and on February 18, 2014, it was also alleged she violated her probation on the receiving stolen property offense.

In May 2014, a jury found Martinez guilty of misdemeanor unauthorized entry into a noncommercial dwelling in violation of section 602.5, subdivision (a), and the trial court immediately thereafter found her in violation of her probation based on the same evidence. On August 14, 2014, the court formally revoked Martinez's probation, reinstated it with modifications, and sentenced her to 154 days in jail with credit for time served.

## II.    DISCUSSION

On appeal, Martinez alleges the evidence is insufficient to establish that she entered and remained in a "noncommercial dwelling house, apartment, or other residential place" within the meaning of section 602.5, subdivision (a). Appellant urges the court to rely on *In re D.C.L.* (1978) 82 Cal.App.3d 123 (*D.C.L.*) and find that the property in question is not a noncommercial dwelling. We disagree, and affirm the judgment.

Section 602.5, subdivision (a) provides, "Every person other than a public officer or employee acting within the course and scope of his or her employment in performance of a duty imposed by law, who enters or remains in any noncommercial dwelling house, apartment, or other residential place without consent of the owner, his or her agent, or the person in lawful possession thereof, is guilty of a misdemeanor." The issue here is one of statutory interpretation.

In *D.C.L.*, this Division held that a shed was not a "noncommercial dwelling house, apartment, or other such place"[2] and reversed the trial court's finding that the juvenile defendant had violated section 602.5. (*D.C.L.*, *supra*, 82 Cal.App.3d at pp. 125–126.) Minor D.C.L. was seen entering a private driveway, and when the police arrived he was found coming out of a shed on the property. (*Id.* at p. 125.) While the trial court concluded that D.C.L. had violated section 602.5, this court explained that the statute "does not refer generally to noncommercial structures." (*Ibid.*) Rather, "[t]he two classes specified, 'dwelling house' and 'apartment,' indicate legislative intention to protect against unauthorized entry . . . [of] structures of the most private character, i.e. places of habitation." (*Id.* at pp. 125–126.) Because the shed was clearly a "nonresidential structure[]," we held it was not a dwelling within the meaning of the section and that there was no violation. (*Id.* at p. 126.)

Martinez seeks to expand the reasoning in *D.C.L.* to suggest more broadly that the "noncommercial dwelling house, apartment, or other residential place" must be inhabited to fall within the meaning of the statute. While an inhabited structure can be an example of a "residential place," nothing in the statutory language requires that the structure must actually be inhabited at the time of the entry to come within the terms of the statute. Under the plain language of section 602.5, subdivision (a), a person is in violation when he or she enters or remains in a "noncommercial dwelling house, apartment, or other residential place" without consent of "the owner." It makes no difference whether the dwelling is presently inhabited or not.

To the extent there is anything relevant in the legislative history, it supports the plain language construction we adopt. Correspondence in the Governor's File for Assembly Bill No. 1174,[3] which codified section 602.5 (see Stats. 1961, ch. 1186, § 1),

---

[2] Effective January 1, 2001, California amended section 602.5 to replace "other such place" with "other residential place." (Stats. 2000, ch. 563, § 1.)

[3] We take judicial notice of the Governor's File for Assembly Bill No. 1174, approved by Governor, July 6, 1961 (1961 Reg. Sess.), as requested by respondent, pursuant to Evidence Code sections 452, subdivision (c) and 459.

reveals that the statute was intended to protect residential homes regardless of whether there is a continued occupancy in the residence. In one letter to the Governor, bill author Gordon Cologne explained that the bill was introduced to prevent "party crashers" in the Palm Springs area from using pools and empty homes without consent. (See June 15, 1961 Letter of Gordon Cologne, Governor's File for Assem. Bill No. 1174 (1961 Reg. Sess.).) The specific intent behind the bill was to protect homes, even empty homes, from being used without consent. Given this background, it is clear that the fact that 555 Riverside Drive was uninhabited at the time of Martinez's entry makes no difference to the violation.

Martinez also argues that 555 Riverside Drive is not a "noncommercial dwelling" within the meaning of section 602.5, subdivision (a) because at the time of the entry the property was owned by a corporation. But similarly, it makes no difference under the plain language of the statute who the owner is—the determinative consideration is that the owner did not give consent. Unlike the shed in *D.C.L.*, 555 Riverside is clearly a "noncommercial dwelling house" under subdivision (a). It is a single-family residential home in a residential neighborhood that was in the process of being remodeled. Section 602.5, subdivision (a) does not require that the home be occupied at the time of the entry, nor does it distinguish between different types of owners.

Accordingly, we agree with the trial court that Martinez violated section 602.5, subdivision (a) and thereby violated her probation.

### III.   DISPOSITION

The judgment is affirmed.

_____
Streeter, J.

We concur:


_____
Ruvolo, P.J.


_____
Rivera, J.

5